## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Doral Bank,**

      **Plaintiff.**

        **v.**

**RUTH M. PIZARRO RODRIGUEZ,**

      **Defendants.**

**CIVIL NO.  15-2126 (PAD)**

## MEMORANDUM AND ORDER

On May 8, 2013, Doral Bank initiated this action against Ruth M. Pizarro Rodriguez for collection of monies and mortgage foreclosure in the Carolina Part of the Puerto Rico Court of First Instance (Docket No. 7, Exh. 1). Defendant subsequently brought a counterclaim against Doral. (Docket No. 7, Exh. 1 at pp. 4-5). On February 27, 2015, while the action was pending, the Office of the Commissioner of Financial Institutions of Puerto Rico closed Doral and appointed the FDIC as Doral's receiver.

On August 18, 2015, the FDIC-R removed the action to this court under 12 U.S.C. § 1819(b)(2)(B)(Docket No. 1 at p. 3).  On December 28, 2015, the court ordered the plaintiff to file a Status Report informing whether any claim has been filed pursuant to the administrative claims procedure provided by the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA")(Docket No. 9).  On January 13, 2015 the FDIC-R filed a Status Report informing that defendant had not filed proof of claim by the claims bar date (Docket No. 10 at p. 1), and later filed a "Motion to Show Cause and to Dismiss Defendant's Counterclaim for Lack of Subject

Matter Jurisdiction" (Docket No. 12). The motion remains unopposed. For the reasons explained below, the FDIC-R's motion is GRANTED and the defendants' counterclaim is DISMISSED.

## I.  STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. See, Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010)(citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). If it appears to the court at any time that subject matter jurisdiction is lacking, it must dismiss the action. Fed.R.Civ.P. 12(h)(3); McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate it. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996); Prestige Capital Corp. v. Pipeliners of Puerto Rico, Inc., 849 F.Supp.2d 240 (D.P.R. 2012). The court may consider extrinsic materials in the process of evaluating a motion to dismiss under Rule 12(b)(1). Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2000).

## II.  DISCUSSION

FIRREA provides that when the FDIC is acting as a conservator or receiver, it succeeds the insured depository institution as to all of its rights, titles, powers, privileges and assets. 12 U.S.C. § 1821(d)(2)(A)(i).  Additionally, it establishes a mandatory administrative claims process, which must be exhausted by every claimant seeking payment from the assets of the affected institution.  12 U.S.C. § 1821(d)(13)(D).  The administrative claims process, set forth in 12 U.S.C. §§ 1821(d)(3)-(13), requires that all claims be submitted to the FDIC by a date established by the

receiver.  Rodriguez v. F.D.I.C., No. 10-1656, 2011 WL 4529929, at *3 (D.P.R. September 27, 2011).  Compliance with and exhaustion of the administrative procedure is mandatory.  See, Marquis v. F.D.I.C., 965 F.2d 1148, 1151 (1st Cir. 1992)(so stating).

With this background, the FDIC-R published notice to potential creditors and depositors of Doral in various local newspapers, informing that Doral had been closed, and any claim against the FDIC-R had to be filed with that institution no later than June 4, 2015 (Docket No. 12 at ¶ 3). The FDIC-R also sent the counter-claimant a letter on May 14, 2015 indicating the bar date to submit proof of claim (Docket No. 10, Exh. 1).  The letter included instructions on how to complete the Proof of Claim Form; provided the address to which the document should be sent; and forewarned that failure to file any such claim before the Claims Bar Date would result in the final disallowance of the claim. Id.

Notwithstanding the foregoing, the counter claimant failed to submit the corresponding proof of claims with the FDIC-R, such that it failed to comply with the administrative procedure set forth in 12 U.S.C. § 1821.   By extension, the court lacks subject-matter jurisdiction to entertain its counter-claims against the FDIC-R.  See, Simon v. F.D.I.C., 48 F.3d 53, 56 (1st Cir. 1995) (holding that "[f]ailure to comply with the [administrative claims review process] deprives the courts of subject matter jurisdiction over any claim to assets of the failed financial institution").

### III. CONCLUSION

The FDIC-R's motion is GRANTED and the counterclaim is DISMISSED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of June, 2016.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge